## DENNISON'S CASE.

The statute of 1823, *ch.* 233, saving the right of appeal in criminal cases from the sentence of the court of Common Pleas, without specially mentioning any condition, does not constructively repeal the prior statute, which requires a recognizance with sufficient sureties, to be given for the prosecution of such an appeal.

*Sarah Dennison,* was indicted for an assault and battery in the Court of Common Pleas; and being thereof convicted, she claimed an appeal to this court, and was ordered to recognize, with sureties, in the sum of four hundred dollars, to prosecute her appeal here with effect. She thereupon prayed the court below to take her single recognizance, with her husband, they being poor ; and for default of sureties she declared herself content to remain in prison, till a trial could be had in this court, on the appeal. This application the court below did not consider itself at liberty to grant : and she was sentenced to imprisonment for a term which was yet unexpired. She applied to this court, at the last *November* term, to sustain her appeal.

*N. Emery* and *Daveis,* for the appellant, argued that the statute of 1823, *ch.* 233, which enlarged the criminal jurisdiction of the court of common pleas, was a revision of the whole subject of that jurisdiction ; and therefore operated a repeal of all former laws *in pari materia*, according to the principle adopted in *Towle v. Marrett 3 Greenl.* 22. There is now, they contended, no right of appeal from any conviction in that court, but by virtue of the latter statute ; and as this requires no recognizance for the prosecution of the appeal, none is a necessary condition of such appeal. But upon general principles, the only use of a recognizance being to compel the personal appearance of the party in the higher court, to receive sentence, there is no room for its operation where the party remains in the custody of the sheriff, ready to be brought up at the order of court. To require it in such a case would be superfluous.

*Adams,* for the State, referred to the several statutes granting appeals in criminal cases, and contended that the provisions, of the last statute were wholly cumulative, so far as they related to offences of which the court of Common Pleas already had jurisdiction ; and that the conditions under which appeals might be made, remained as before.

The Court, *absente Weston J.*, said that the statute of 1823, *ch.* 233, appeared to have been enacted for the purpose of enlarging the criminal jurisdiction of the court of Common Pleas by extending it to all other crimes and misdemeanors, of which it previously had not cognizance, except certain offences therein enumerated. It is not therefore to be considered as a revision of the whole criminal jurisdiction of that court which depends as well on the statutes in force at the time when that court was constituted by *Stat.* 1822, *ch.* 193, as on those subsequently enacted. The conviction in the present case being by virtue of the former laws, the offer of a recognizance with sufficient sureties was indispensably necessary to give effect to the claim of an appeal. And in the *Stat.* 1823, *ch.* 233, "the right of appeal" is evidently adverted to as an existing right, to be exercised only upon the well known condition of giving sureties to prosecute the appeal with effect.